# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| RONALD L. BRIGHT, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 6:21-cv-00295 |
| NATIONWIDE RECOVERY SYSTEMS, LTD., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Ronald L. Bright ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of Nationwide Recovery Systems Ltd. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692 *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant is domiciled in the Eastern District of Texas, Defendant conducts business and maintains significant business contacts in the Eastern District of Texas.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age and is a "consumer" as the term is defined by 15 U.S.C §1692a(3).

1

5. Defendant is a corporation organized and existing under the laws of Texas. Defendant uses the mail, credit reporting, and the telephone for the principal purpose of collecting defaulted debts from consumers on a nationwide basis. Defendant maintains its principal place of business at 501 Shelly Dr. Suite 300, Tyler, Texas 75701.

6. Defendant is a collection agency with the primary purpose of collecting or attempting to collect consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail, credit reporting, and/or telephone.

## FACTS SUPPORTING CAUSES OF ACTION

7. On August 25, 2019, Plaintiff sustained a severe leg injury when he cut his leg with a chainsaw, requiring Plaintiff to rush to the emergency room located at Novant Health Clemmons Medical Center, where he received several stitches to his knee.

8. Following his emergency room visit, Plaintiff needed to receive treatment from Tanglewood Park Physicians, PLLC, ("Tanglewood Park Physicians"), a physicians office within Novant Health Clemmons Medical Center.

9. In an agreement between Plaintiff and Tangelwood Park Physicans, Tanglewood Park Physicians consolidated all of Plaintiff's medical debts, for the treatment they provided him, and included it into one lump sum bill payment for around $970 ("subject debt").

10. Sometime thereafter, Plaintiff could not keep up with payments and defaulted on the subject debt.

11. Sometime in February 2020, IC Systems, Inc. ("IC Systems"), a third-party debt collector, acquired the right to collect on the subject debt.

12. Plaintiff and IC Systems agreed to a 17-month payment plan of $48.50 per month, totaling $824.50.

13. By June 2021, Plaintiff only had two payments of $48.50 remaining on his account balance before the total amount of the subject debt was paid in full.

14. On June 21, 2021, Plaintiff received a call from Defendant in an attempt to collect on the subject debt. In this call, Defendant claimed that he instead owed Defendant $242.50 ("alleged debt") for a medical debt with Tangelwood Park Physicians.

15. In speaking with Defendant, Defendant accused him of failing to make payments in March 2021, however, client indicated that he has receipts to prove payments made towards the subject debt in March 2021.

16. Plaintiff insisted that he does not owe the alleged debt because he has made all of his payments timely to a different debt collector, IC Systems.

17. Despite knowing this, Defendant persisted with its attempt to collect on the alleged subject debt by calling Plaintiff numerous times.

18. Concerned about his credit rating being affected and his worries that he would be sued on the alleged subject debt, Plaintiff paid Defendant the full amount of $242.50, despite only owing the remaining balance of 2 additional payments $48.50, equaling $97.00.

19. Upon further investigation, Plaintiff contacted IC Systems and asked if they sold his debt to Defendant. IC Systems told Plaintiff that they did not transfer his account to another collector and that he has made all of his payments timely.

20. Plaintiff was misled to believe he owed Defendant $242.50 despite only owing $97.00. Defendant coerced Plaintiff into paying more than he was legally obligated to pay, resulting in out-of-pocket expenses of $145.50 ("actual damages").

## DAMAGES

21. Defendant's misleading attempts to collect on a debt not owed by Plaintiff have severely disrupted his daily life and general well-being.

22. Plaintiff has expended time and money consulting with attorneys as a result of Defendant's unfair, deceptive, and misleading actions.

23. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the alleged debt Plaintiff does not owe.

24. As an unsophisticated consumer, Plaintiff was led to believe that the alleged subject debt was still owed despite making timely payments to IC Systems.

25. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, loss of money due to a false misrepresented debt allegedly owed, invasion of privacy, nuisance, wasting Plaintiff's time, confusion, harassment, emotional distress, anxiety, and loss of concentration.

26. Plaintiff was misled to believe he owed Defendant $242.50 despite only owing $97.00. Defendant coerced Plaintiff into paying more than he was legally obligated to pay, resulting in out-of-pocket expenses of $145.50 ("actual damages").

27. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff restates and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

30. The alleged debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

31. Defendant is a "debt collector" as defined by §1692a(6) because it's a business, the principal purpose of which, is the collection of defaulted debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

32. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged debt after it was in default. 15 U.S.C. §1692a(6).

33. Defendant used the phone and mail to attempt to collect the alleged debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

34. Defendant's communications to Plaintiff were made in connection with the collection of the alleged debt.

35. Defendant violated 15 U.S.C. §§1692e, e(2), e(10), f, and f(1) through its unlawful debt collection practices.

  **a. Violations of FDCPA § 1692e**

36. Defendant violated §1692e, e(2), and e(10) when it used false, misleading, and deceptive means to collect the alleged debt from Plaintiff. Defendant contacted Plaintiff seeking to collect upon a debt not owed by Plaintiff because Plaintiff was misled to believe he owed Defendant $242.50 despite only owing $97.00. Defendant coerced Plaintiff into paying more than he was legally obligated to pay, resulting in out-of-pocket expenses of $145.50.

37. Even after being apprised of its unlawful acts, Defendant continued its illegal efforts in attempting to dragoon Plaintiff into paying a debt which he does not owe. These false, deceptive, and misleading acts of contacting Plaintiff and causing him to make a payment, even though the debt was not owed, is confusing and harmful. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to collect more than he was legally obligated to pay.

### b. Violations of FDCPA § 1692f

38. Defendant violated §1692f and f(1) when it unfairly and unconscionably collected on the alleged debt by calling Plaintiff in regards to a debt he does not owe. Defendant coerced Plaintiff into making a payment that he did not legally owe by placing phone calls after being told by Plaintiff that he has made all of his payments to a different debt collector.

39. Moreover, Defendant was put on notice that its collection efforts were unwelcomed by Plaintiff, yet Defendant continued to call Plaintiff in an attempt to collect on the alleged debt that he was not legally obligated to pay. These means employed by Defendant only served to worry and confuse Plaintiff.

40. Defendant had enough information to be aware of the fact that did not owe the alleged debt through Plaintiff's proof of payments to IC Systems. Nevertheless, it persisted with its phone call campaign in contacting Plaintiff, and knew that its conduct was inconvenient and harassing to Plaintiff.

41. As a result, Plaintiff was misled to believe he owed Defendant $242.50 despite only owing $97.00. Defendant coerced Plaintiff into paying more than he was legally obligated to pay, resulting in out-of-pocket expenses of $145.50 ("actual damages").

42. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that is not legally owed by the consumer.

43. Upon information and belief, Defendant systematically attempted to collect debts through unfair conduct and has no procedures in place to assure compliance with the FDCPA.

44. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff Ronald L. Bright respectfully requests that this Honorable Court:
   a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
   b. Enjoin Defendant from further communicating with Plaintiff;
   c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   e. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: July 30, 2021

Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Omar T. Sulaiman
Marwan R. Daher, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
osulaiman@sulaimanlaw.com